SARAH M. BRAYTON *vs.* PHEBE L. JORDAN *et al.*

PROVIDENCE—MARCH 7, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)   *Dower in Woodlands.   Equity.*

Gen. Laws cap. 264, § 2, provides that the widow shall be endowed in
   woodlands, as of a third part of the growth.   The respondent widow was
   not so endowed, but the lot in question was set off by metes and bounds.
   The dowress sold all the wood on the lot to respondent S., who cut off
   nearly all of it.   Upon bill seeking an injunction and relief :—

*Held,* that, as equity regards that as done which should have been done,
   the widow would be regarded as entitled to one-third of the growth of
   wood on the lot.

*Held,* further, that, upon payment of a sum equivalent to the value of the
   wood cut over that to which the widow was entitled as dower, the in-
   junction would be dissolved.

BILL IN EQUITY, seeking injunction and relief.   Heard on
bill, answers, and proof.

PER CURIAM.   The complainant is owner in fee of a wood
lot set off to Phebe L. Jordan as dower in her husband's
estate in 1890.   Nothing was done under this assignment of
dower until March, 1901, when the dowress sold all the wood
on the lot to the respondent Smith, who thereupon cut off
nearly all of it, until he was restrained in this suit.

(1)      The statute in regard to dower in woodlands, Gen. Laws
cap. 264, § 2, provides that the widow shall be endowed in a
special and certain manner, as of a third part of the growth.
Dower was not so assigned in this case, but the lot in ques-
tion was set off by metes and bounds.   No objection was taken
to this course, and as this is a suit in equity, and as equity,
when it can, regards that as done which should have been
done, we hold that the widow was entitled to one-third of the
growth of the wood on said lot.

We find, from the evidence, that the wood cut from the
seven acres in question amounted to about two hundred and
forty cords ; that the yearly growth of wood on this lot, the
trees being about twenty-three years old when dower was

assigned, was about one cord and a quarter per acre, which for eleven years would amount to about ninety-six cords. Deducting this from the two hundred and forty cords cut, it leaves one hundred and forty-four cords over that to which the widow was entitled as dower.

The court is of opinion, from the testimony, that, considering the character of the wood cut, as cord wood, ties, and posts, as nearly as we can estimate, it amounts to $400. Upon payment of this sum the injunction will be dissolved.

*E. K. Parker*, for complainant.
*William F. Barry*, for respondent.